IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUGHLEY,<br><br>                Petitioner,<br><br>     vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                Respondent. | No. 2:08-cv-01573-JKS<br><br>MEMORANDUM DECISION |

Michael Hughley, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.  Hughley is currently in the custody of the California State Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Hughley has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In June 1988 Hugley was convicted following a jury trail in the Los Angeles County Superior Court of one count of Murder in the Second Degree (Cal. Penal Code § 187) and one count of Assault with a Firearm (Cal. Penal Code § 245).  The trial court sentenced Hughley to an aggregate prison term of 23 years to life.  The California Court of Appeal affirmed Hughley's conviction and sentence on appeal, and the California Supreme Court denied review.  Hughley does not challenge his conviction or sentence in his Petition.

In February 2006 Hughley made a subsequent appearance before the California Board of Prison Hearings ("Board").  Finding that he was unsuitable for parole, the Board denied Hughley

parole for a period of three years.  Hughley timely filed a petition for habeas relief in the Los Angeles County Superior Court, which was denied in an unreported, reasoned decision.  Hughley's subsequent petition for habeas relief in the California Court of Appeal was denied in an unreported decision, citing *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667 [59 P.3d 174, 222].  The California Supreme Court summarily denied Hughley's petition for habeas relief without opinion or citation to authority on April 9, 2009.  Hughley timely filed his Petition for relief in this Court on April 19, 2008.

Because the facts underlying Hughley's conviction are not at issue in this proceeding, they are not repeated here.  While this case was pending, the Supreme Court handed down its decision in *Swarthout v. Cooke*.[1]  This Court requested that the parties file supplemental briefing addressing the effect of *Cooke* on this case.  The parties have complied.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Hughley contends he was denied due process because:  (1) the Board's decision was unsupported by some evidence: (2) the statutory and regulatory standards under which the Board determines suitability are unconstitutionally vague;[2] and (3) in failing to provide "a departmental designee," the Board violated Cal. Penal Code § 3041.7.  Hughley requests that he be granted a new hearing.[3]  Respondent does not assert an affirmative defense.[4]

---

[1] 562 U.S. ___, 131 S. Ct. 859 (2011) (per curiam).

[2] In his Supplemental Traverse, Hughley withdrew his vagueness claim.

[3] It is also noted that, because more than three years have lapsed since the hearing challenged in this proceeding, Hughley has likely received a new hearing, rendering this matter moot.

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

2

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412.

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be objectively unreasonable, not just incorrect or erroneous.[9] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[10] "[A]bsent a specific constitutional violation, federal habeas corpus review of [state court] error is limited to whether the error 'so infected the [proceeding] with unfairness as to make the [result] a denial of due process.'"[11] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error had a substantial and injurious effect or influence in determining the outcome.[12] Hughley has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

In applying this standard, this Court reviews the last reasoned decision by the state court.[14] State appellate court decisions that affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[15] Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new

---

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[14] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[15] *Ylst*, 501 U.S. at 802-03.

original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[16] This is considered as the functional equivalent of the appeal process.[17]

## IV.  DISCUSSION

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before the expiration of a sentence.[18] That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[19] Because the only federal right at issue in this case is procedural, the relevant inquiry is whether Hughley received due process.[20] The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[21] Hughley contends that the decision of the Board was unsupported by some evidence as required by California law.[22] "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

---

[16] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[17] *Id.* at 222.

[18] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[19] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[20] *See Cooke*, 131 S. Ct. at 861.

[21] *Id.* at 862 (citing *Greenholtz*, 442 U.S. at 16).

[22] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

correctly applied."[23]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[24]

Hughley, apparently conceding in his Supplemental Traverse that *Cooke* forecloses his "some evidence" argument, contends that in denying him the assistance of a departmental representative as required by California statute,[25] he was effectively denied the opportunity to be "heard."  Although Hughley raised this issue before the state courts, it was not addressed on the merits.  When there is no reasoned state court decision denying an issue presented to the state "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[26]  "The presumption may be overcome when there is reason to think that some other explanation for the state court's decision is more likely."[27]  Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[28]  In so doing, because it is not clear that it did not so do, this Court presumes that the state court decision rested on federal grounds,[29] giving the presumed decision the same deference as a

---

[23] *Cooke*, 131 S. Ct. at 863.

[24] *Id.* at 862.

[25] Cal. Penal Code § 3041.5(a)(3).

[26] *Harrington v. Richter*, 562 U.S. ___, ___,131 S. Ct. 770, 784-85 (2011).

[27] *Id.* at 785.

[28] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[29] *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991).

reasoned decision.[30]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[31]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[32]

The Supreme Court has never held that the constitutional right to counsel extends to parole-suitability hearings.  Indeed, Supreme Court precedent strongly supports the contrary conclusion—representation at a parole-suitability hearing, whether by counsel or otherwise, is not constitutionally required.  *Greenholtz* examined the Nebraska parole scheme.  Like California, Nebraska employs a two-step process:  (1) a preliminary hearing to determine suitability; and (2) a final hearing.  At issue in *Greenholtz* were the constitutional due process requisites at the initial hearing.[33]  The Court of Appeals for the Eighth Circuit, relying on *Morrissey v. Brewer*,[34] a parole revocation proceeding, held that at the preliminary hearing:  (a)

---

[30] *Richter*, 562 U.S. at ____, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[31] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[32] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[33] Although Nebraska provides for representation by counsel at the final hearing, like California, Nebraska does not provide for representation by counsel at the preliminary hearing.

[34] 408 U.S. 471 (1972).

the inmate must receive a full formal hearing; (b) the inmate must receive written notice of the time of the hearing setting forth the factors that may be considered by the Board; (c) the inmate must be given an opportunity to appear in person and present documentary evidence; (d) a record of the proceedings be kept; and (e) the Board must submit a full written explanation of the facts relied upon and the reasons for the Board's action.[35]  The Supreme court noted that there is a distinct distinction between parole *release* and parole *revocation*—being deprived of liberty one has, as in parole, compared to the discretionary conditional liberty that one desires.[36]  A parole *revocation* requires two steps:  (1) a factual determination that the parolee violated the terms of parole; and (2) whether the parolee should be recommitted.  A parole *release* decision, on the other hand, depends on an amalgam of factors.  Some are factual while others, based upon a host of variables, are subjective in part and predictive in part.[37]  Reversing the Eighth Circuit, the Supreme Court held the due process requirements for parole *release* were less stringent than those for *revocation*, i.e., the hearing need not be formal, nor need the parole board recite the evidence on which it relies.[38]  The issue of the right to counsel, or other representation, was not before the Court.

In *Morrissey*, the Supreme Court specifically declined to reach or decide the question of whether a parolee is entitled to the assistance of counsel, either retained or appointed if indigent.[39]  In *Wolff v. McDonnell*, a case involving a prison disciplinary proceeding resulting in a

---

[35] *Greenholtz*, 442 U.S. at 6.

[36] *Id.* at 9.

[37] *Id.* at 9-14.

[38] *Id.* at 14-15.

[39] *Morrissey*, 408 U.S. at 489.

loss of good time credits, the Supreme Court held that a prisoner was not entitled to the assistance of counsel.[40]  Given the parallel between the conditional grant of parole present in this case and the loss of good time credits in *Wolff*, both of which extend the period of incarceration, *Wolff* tends to undermine, not support, Hughley's position.  In light of *Greenholtz*, *Morrissey*, and *Wolff*, Hughley was not denied the hearing required by the Due Process Clause.[41]

To the extent that Hughley argues that his right to representation under California law was violated, that argument is beyond the purview of this Court in a federal habeas proceeding.[42]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[43]  "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[44]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[45]

Hughley has failed to establish a wrong of constitutional dimension.  Based upon the record before it, this Court cannot say that the assumed decisions of the California courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state courts rendered their

---

[40] 418 U.S. 539, 569-70 (1974).

[41] *Carey*, 549 U.S. at 77 (2006); *see Wright*, 552 U.S. at 127; *Kessee*, 574 F.3d at 678-79; *Moses*, 555 F.3d at 753-54.

[42] *Cooke*, 562 U.S. at ____, 131 S. Ct. at 863 (holding that it is of no federal concern whether state law was correctly applied).

[43] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[44] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

[45] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

decisions, or that those decisions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[46]

## V.  CONCLUSION AND ORDER

Hughley is not entitled to relief under any ground in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[47]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[48]

The Clerk of the Court is to enter judgment accordingly.

Dated:  July 6, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[46] 28 U.S.C. § 2254(d).

[47] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[48] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.